NICOLA T. HANNA
United States Attorney
LAWRENCE S. MIDDLETON
Assistant United States Attorney
Chief, Criminal Division
ALEXANDER F. PORTER (Cal. Bar No. 258597)
Assistant United States Attorney
Major Frauds Section
     1100 United States Courthouse
     312 North Spring Street
     Los Angeles, California 90012
     Telephone: (213) 894-0813
     Facsimile: (213) 894-6269
     E-mail: Alexander.porter2@usdoj.gov

SANDRA MOSER
Acting Chief, Fraud Section
CLAIRE YAN (Cal. Bar No. 268521)
Fraud Section, Criminal Division
United States Department of Justice
     4811 Airport Plaza Drive, 5th floor
     Long Beach, California 90815
     Telephone: (202) 834-1429
     E-mail:    Claire.Yan@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| UNITED STATES OF AMERICA, | No. CR 17-410-PSG |
|---|---|
| Plaintiff, | MOTION IN LIMINE TO ADMIT CO-CONSPIRATOR STATEMENTS |
| v. | |
| KANAGASABAI KANAKESWARAN, M.D., | DATE: July 9, 2018<br>TIME: 10:00 a.m.<br>CTRM: 6A |
| Defendant. | JUDGE: Hon. Philip S. Gutierrez |

Plaintiff United States of America, by and through its counsel of record, the United States Attorney for the Central District of California and the Fraud Section of the Criminal Division of the U.S. Department of Justice, hereby files its Motion In Limine to Admit Co-Conspirator Statements.

This motion is based upon the attached memorandum of points and authorities, the files and records in this case, and such further evidence and argument as the Court may permit.

Dated: June 11, 2018                    Respectfully submitted,

                                        NICOLA T. HANNA
                                        United States Attorney

                                        LAWRENCE S. MIDDLETON
                                        Assistant United States Attorney
                                        Chief, Criminal Division


                                              /s/
                                        ALEXANDER F. PORTER
                                        Assistant United States Attorney
                                        CLAIRE YAN
                                        Fraud Section, Criminal Division

                                        Attorneys for Plaintiff
                                        UNITED STATES OF AMERICA

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Defendant Kanagasabai Kanakeswaran, M.D. ("defendant") is charged in this case with conspiring to receive, and receiving, illegal kickbacks in exchange for referring Medicare beneficiaries to a home health company called Star Home Health Resources, Inc. ("Star").

At trial, the government intends to introduce the statements of co-conspirators under Federal Rule of Evidence 801(d)(2)(E) as statements of co-conspirators made during the course of and in furtherance of the conspiracy. The co-conspirators whose statements the government will seek to admit include Elaine Lat, Errol Lat, Thelma Lat, and Corine Chavez. The government's evidence at trial is expected to establish that (1) there was a conspiracy to receive and pay kickbacks, (2) the defendant and declarants were participants in the conspiracy, and (3) statements were made by declarants during and in furtherance of this kickback conspiracy. Accordingly, the government brings this motion to admit at trial co-conspirator statements pursuant to Federal Rule of Evidence 801(d)(2)(E).

**II.   STATEMENT OF FACTS**

Defendant is charged in this case with one count of conspiracy to pay and receive illegal health care kickbacks, in violation of 18 U.S.C. § 371, and four counts of receiving kickbacks, in violation of 42 U.S.C. § 1320a-7b(b)(1)(A). Dkt. No. 1. The charges arise from defendant's receipt of illegal kickbacks from the owners and operators of Star, a home health company that billed Medicare for home health services. Id. ¶ 16(a). During the course of the conspiracy from May 2008 to May 2016, defendant referred Medicare

beneficiaries to Star in exchange for illegal kickbacks, and on the basis of those referrals from defendant, Star was paid approximately $4,157,311 from Medicare.  Id. ¶ 16(f).

Four co-conspirators in this scheme -- the owners and operators of Star, Errol Lat ("Errol"), Thelma Lat ("Thelma"), Elaine Lat ("Elaine"), and Corinne Chavez ("Chavez"), an employee who facilitated kickback payments to the defendant from Star -- were charged in a related case with conspiracy to pay illegal kickbacks to referring physicians.  See United States v. Elaine Lat, et al., CR No. 16-364-PSG.  Errol, Thelma, Chavez, and Elaine have all already pleaded guilty to conspiracy charges.  CR No. 16-364-PSG, Dkt. 150, 151, 177.  Errol, Thelma and Chavez pleaded guilty and each admitted in their plea agreements that they conspired and agreed with Elaine to pay kickbacks for the referral of Medicare beneficiaries to the defendant.  CR No. 16-364-PSG, Dkt. 143, 146, 172.

Specifically, as stated in the factual bases of the guilty pleas: Errol, Thelma and Chavez conspired and agreed with each other and with Elaine to pay kickbacks to the defendant[1] for referral of Medicare beneficiaries.  For each Medicare beneficiary that the defendant referred to Star, Elaine and Thelma paid the defendant approximately $100-700 and Chavez approximately $100-200.  Errol was aware of and approved these payments.  Chavez personally saw Elaine hand cash kickbacks to the defendant on more than twenty occasions.  At other times, Chavez personally handed cash kickbacks to the defendant for the Medicare referrals that the defendant sent to Star.

---

[1] The defendant is identified in these plea agreements as "co-conspirator 2" or "CC-2."

Chavez admits that she herself received a kickback for each referral made by the defendant to Star.

At trial, the government intends to present testimony from co-conspirators Errol, Thelma, and Chavez about statements made by each other and by co-conspirator Elaine.  This includes statements made my Elaine to Errol, Thelma and Chavez that Elaine was paying kickbacks to doctors, including the defendant.

The government also intends to present testimony from Vincent Senatin, Star's former accountant.  Senatin is expected to testify about an Excel spreadsheet kept on Star's computer's system which recorded numerous specific kickback payments to referring physicians, including the defendant.  The government intends to introduce the kickback spreadsheet, along with Senatin's testimony about Elaine's statements about the spreadsheet and instructions to Senatin about how to record kickback payments to various referring physicians, including the defendant.

The government also intends to introduce bank records, which show that the defendant received cash and check payments from Star in exchange for his Medicare referrals to Star.  The government also intends to introduce Medicare records, including Medicare claims data, which show that during the conspiracy period the defendant referred a large number of Medicare beneficiaries to Star.

**III. LEGAL STANDARD**

Under Federal Rule of Evidence 801(d)(2), statements made by an opposing party's co-conspirator during and in furtherance of the conspiracy are not hearsay. Fed. R. Evid. 801(d)(2)(E).  To qualify for admission as the statement of a co-conspirator, the prosecution must establish the following preliminary facts by a preponderance of

3

the evidence: (1) there was a conspiracy, (2) the defendant and the declarant were participants in the conspiracy, and (3) the statement was made by the declarant during and in furtherance of the conspiracy. United States v. Bridgeforth, 441 F.3d 864, 869 (9th Cir. 2006); Bourjaily v. United States, 483 U.S. 171, 176 (1987); see United States v. Bowman, 215 F.3d 951, 960 (9th Cir. 2000).

Whether the government has met its burden is to be determined by the trial judge, not the jury. United States v. Zavala-Serra, 853 F.2d 1512, 1514 (9th Cir. 1988). The Court may rely on inadmissible evidence, such as a co-conspirator's plea agreement, in determining whether the 801(d)(2)(E) exception applies. Fed. R. Evid. 104(a) ("the court must decide any preliminary question about whether . . . evidence is admissible. In so deciding, the court is not bound by evidence rules, except those on privilege"); Bourjaily, 483 U.S. at 177. Thus, the Court may "consider the co-conspirator's out-of-court statement in assessing the statement's admissibility." United States v. Silverman, 861 F.2d 571, 578 (9th Cir. 1988); United States v. Gordon, 844 F.2d 1397, 1402 (9th Cir. 1988) ("It is clear that the hearsay may be considered in making this determination.").

As to the first prong, the existence of a conspiracy, the question is "merely whether there was proof of a sufficient concert of action to show the individuals to have been engaged in a joint venture." United States v. Fries, 781 F.3d 1137, 1151 (9th Cir. 2015).

Second, "only 'slight evidence' is necessary to connect a coconspirator to the conspiracy." United States v. Perez, 658 F.2d 654, 658 (9th Cir. 1981). In determining the members of the conspiracy, an individual need not be indicted to be considered a co-

conspirator for purposes of this exception to the hearsay rule. United States v. Williams, 989 F.2d 1061, 1067 (9th Cir. 1993).

Third, in "determining whether a statement is made 'in furtherance of' a conspiracy, the court looks to the declarant's intent in making the statement, not the actual effect of the statement." Id. at 1068 (citing United States v. Zavala-Serra, 853 F.2d 1512, 1516 (9th Cir.1988)). "It is not necessary that the statement be made to another member of the conspiracy for it to come under rule 801(d)(2)(E)." Id. "To be 'in furtherance' a statement must advance a common objective of the conspiracy or set in motion a transaction that is an integral part of the conspiracy." Id. (citing United States v. Yarbrough, 852 F.2d 1522, 1535 (9th Cir.), cert. denied, 488 U.S. 866, 109 S. Ct. 171 (1988)). "Although mere conversations or narrative declarations between coconspirators are not in themselves sufficient to invoke the exception to the hearsay rule, statements made to keep coconspirators abreast of an ongoing conspiracy's activities satisfy the 'in furtherance of' requirement." Id. (citation omitted). Statements made in an effort to conceal the conspiracy are considered to be "in furtherance of the conspiracy." United States v. Lim, 984 F.2d 331, 336 (9th Cir. 1993).

In establishing these prerequisites, the proposed co-conspirator statement must be considered but cannot by itself establish the existence of or participation in the conspiracy. Id. (citing Fed. R. Evid. 801(d)(2)); Lim, 984 F.2d at 236).

Finally, in evaluating whether admission of the out-of-court statement complies with the Sixth Amendment's Confrontation Clause, the Court must evaluate whether the out-of-court statement is testimonial in nature. Generally, co-conspirator statements are

5

considered non-testimonial in nature, so there is no violation of the Confrontation Clause if the statement is admissible under Rule 801(d)(2)(E). Crawford v. Washington, 541 U.S. 36, 56 (2004); Bridgeforth, 441 F.3d 864 (9th Cir.2006); United States v. Allen, 425 F.3d 1231, 1235 (9th Cir. 2005).

The Court may also conditionally admit co-conspirator statements subject to a motion to strike at a later time. "The procedure of conditionally admitting co-conspirator's statements subject to later motions to strike is well within the court's discretion." United States v. Zemek, 634 F.2d 1159, 1169 (9th Cir. 1980); see also United States v. Arbelaez, 719 F.2d 1453, 1460 (9th Cir. 1983) (no abuse of discretion for a district court "to allow the government to introduce coconspirator statements prior to establishing prima facie the existence of a conspiracy"); Spawr Optical Research, Inc., 685 F.2d 1076, 1083 (9th Cir. 1982) ("The district court admitted the challenged statements subject to a motion to strike if the Government failed to provide sufficient proof, a procedure we have upheld."); United States v. Eubanks, 591 F.2d 513, 519 n.6 (9th Cir. 1979) ("Of course, the trial judge could have conditionally admitted the challenged statements, subject to a motion to strike if the prosecution failed to establish the existence of the foundational facts.").

**IV. ARGUMENT**

The evidence will establish by a preponderance of the evidence all of the facts necessary for admission of the co-conspirator statements.

First, with respect to the existence of a conspiracy, four individuals — Errol Lat, Thelma Lat, Elaine Lat, and Corinne Chavez —

have already pleaded guilty to conspiracy charges for this scheme. The factual bases from the plea agreements by Errol, Thelma and Chavez identify Elaine Lat and the defendant as co-conspirators. Errol, Thelma and Chavez each admitted that they conspired and agreed with Elaine and with each other to pay kickbacks to the defendant for the referral of Medicare beneficiaries to Star.  Other witnesses, such as Vincent Senatin, will admit their knowledge and role in the scheme, and will testify at trial about the conspiracy, including Elaine's and the various declarants' involvement and the nature and extent of the scheme.  Documentary evidence, including the kickback Excel spreadsheet, bank records and Medicare records, will further support this testimony.

Second, the defendant and the other declarants who made the out-of-court statements were each participants of the conspiracy.  Errol, Thelma, and Chavez have pleaded guilty to conspiracy charges, will testify to their participation, and the factual bases supporting the plea agreements identified the defendant and Elaine as participants of the conspiracy.  Senatin and other witnesses will testify about their participation, and the roles played by Elaine, Errol, Thelma, and Chavez in the conspiracy.  Documentary evidence such as cash withdrawal and deposit slips, bank statements, check payments, the kickback spreadsheet, will also support this testimony.

Third, the statements the government intends to offer were made in the course of and in furtherance of the conspiracy because they facilitated the ongoing operation and/or concealment of the conspiracy.  For example, statements by Elaine to Senatin involved instructions on how to keep records of the kickbacks in the Excel spreadsheet.  Elaine's statements to Errol, Thelma, and Chavez

7

informed the other co-conspirators that the purpose of the payments was to pay defendant and other physicians in exchange for referrals, explained the mechanics of the payment system, and facilitated specific kickbacks to referring physicians, including the defendant. Elaine also made statements to Chavez instructing Chavez to delete certain evidence of kickbacks.  Errol made statements to Senatin instructing Senatin to delete the kickback spreadsheet that recorded payments to referring physicians, including the defendant.  Such statements were all made in the course of and in furtherance of the conspiracy.

Finally, statements made in furtherance of a conspiracy were expressly held by the Supreme Court in Crawford v. Washington, 541 U.S. 36, 56 (2004) to be "not testimonial" such that their admission does not violate the Confrontation Clause.  Here, the statements the government seeks to introduce are non-testimonial because they were be discussions among and between the co-conspirators, at the time of the conspiracy, and, therefore, there is no Confrontation Clause issue.

Accordingly, out-of-court statements of defendant's co-conspirators made during the course of and in furtherance of the conspiracy offered for the truth of the matter asserted should be admitted under Federal Rule of Evidence 801(d)(2)(E).

**V.   CONCLUSION**

For all of the foregoing reasons, the government respectfully requests that the Court grant the government's motion to admit co-conspirator statements under Federal Rules of Evidence 801(d)(2)(E).